IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SACOREY CLARK, #45720-044, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 19-cv-1012-NJR ) |
| USA, U.S. ATTORNEY GENERAL, T.G. WERLICH, UNKNOWN PARTY, and UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) ) ) ) |
| Respondents. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Petitioner Sacorey Clark, a federal prisoner currently incarcerated at the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (June 21, 2019), his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), should be vacated. (Doc. 1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Clark was found guilty after a jury trial in the Eastern District of Missouri (Case No. 4:16-cr-00107-JAR) and, on May 9, 2018, he was sentenced to 180 months' imprisonment. Clark claims that in his case, the Government failed to prove that he knew that he belonged to the category of persons (those with a prior felony conviction) who were prohibited from possessing a firearm, at the time he possessed a firearm.[2]

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country).

Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Clark is not entitled to habeas relief. Without commenting on the merits of the claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

Clark has identified a number of individuals as Respondents. As the proper respondent is T.G. Welch, the warden at Greenville, the Clerk is **DIRECTED** to **TERMINATE** from the docket USA, United States Attorney General, Unknown Party, and United States Department of Justice.

---

[2] After filing this habeas action, Clark filed a habeas action in the sentencing court which has been docketed as a § 2255 motion (Case No. 4:19-cv-02960-JAR).

**Disposition**

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before **December 30, 2019**).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Clark is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 21, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[3] The response date ordered here is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.