IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SACOREY CLARK, # 45720-044,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   Case No. 19-cv-1012-NJR |
| | ) |
| **T.G. WERLICH,** | ) |
| | ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Sacorey Clark, an inmate in the Bureau of Prisons, filed this *pro se* Habeas Corpus action pursuant to 28 U.S.C. § 2241 in September 2019. (Doc. 1). His Amended Petition (Doc. 13) is now the operative pleading. Clark invokes the recent decision of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), as the basis for his claim. Respondent has moved to dismiss the Amended Petition (Doc. 14), and Clark has replied (Doc. 17).

### RELEVANT FACTS AND PROCEDURAL HISTORY

Clark was convicted by a jury in the Eastern District of Missouri of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 14, p. 2); *United States v. Clark*, No. 16-cr-0107-JAR. He was sentenced in May 2018 to 180 months' imprisonment. (Doc. 14-3, pp. 64-65; Doc. 14-4). On August 19, 2019, Clark's conviction and sentence were affirmed on appeal. *United States v. Clark*, 934 F.3d 843 (8th Cir. 2019) (prior state conviction for second-degree robbery qualified as a "violent felony" for sentence-enhancement purposes under the "force clause" of the Armed Career Criminal Act). It does not appear that Clark sought further review by the Supreme Court.

On October 30, 2019, Clark filed a collateral attack on his conviction and/or sentence in the Eastern District of Missouri. *Clark v. USA*, No. 19-cv-2960-JAR. Clark labeled his petition as having been brought pursuant to 28 U.S.C. § 2241, however, the court characterized it as a motion under 28 U.S.C. § 2255 (d/e 1; Doc. 3). Clark raises the identical *Rehaif* argument in that pleading as he raises in this action. On April 21, 2020, the sentencing court ordered Clark to advise it in 30 days whether he wishes to withdraw his petition, or alternatively to consent to the court's reclassification of it as a Section 2255 motion and file an amended pleading. (Doc. 3 in No. 19-cv-2960-JAR (E.D. Mo.). The docket sheet in that case shows that Clark has not yet responded to that order, and the case remains pending.[1]

Clark has previously filed other petitions invoking Section 2241. On March 19, 2019, he filed Case No. 19-cv-297-SMY in this district. That action was dismissed on April 1, 2020 upon initial review, because the petition complained about conditions of Clark's confinement, which cannot be addressed in a habeas corpus action. (Doc. 6, Case No. 19-cv-297-SMY (S.D. Ill.)). On April 22, 2019, Clark filed another Section 2241 petition raising nearly identical arguments. *Clark v. United States, et al.*, Case No. 19-440-cv-NJR (S.D. Ill.). That action was likewise dismissed upon initial review. (Doc. 5 in Case No. 19-440-cv-NJR (S.D. Ill. June 27, 2019)). Earlier, on April 5, 2018, Clark filed a Section 2241 petition in the trial court which was quickly dismissed; the dismissal was affirmed on appeal. (Doc. 14-12); *Clark v. United States, et al.*, No. 18-cv-524 (E.D. Mo.).

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to

---

[1] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) (last visited May 15, 2020) to ascertain the status of Clark's case in the Eastern District of Missouri. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a

convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

## THE REHAIF DECISION

On June 21, 2019, the Supreme Court held in *Rehaif*:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction.

## ANALYSIS

Respondent in this case concedes that Clark's claim meets the first two *Davenport* requirements (Doc. 14, pp. 17-18), but argues he cannot meet the third factor because of ample available evidence that Clark knew he had been previously convicted of several felonies at the time he possessed the gun. Respondent is correct that *Rehaif* is a statutory interpretation case (the first factor). However, his concession as to the second *Davenport* factor – that Clark could not have raised his *Rehaif* argument in his first Section 2255 motion because it would have been "futile" to do so under pre-*Rehaif* precedent – is confusing and inaccurate. (Doc. 14, pp. 6-7, 17-18). Respondent wrongly states that Clark previously attacked his conviction/sentence in a Section 2255 motion where he failed to raise his *Rehaif* claim (Doc. 14, p. 6), and at the same time concedes the *Rehaif* claim was unavailable to Clark in his first Section 2255 motion. (Doc. 14, p. 18). These arguments are belied by the record in the Eastern District of Missouri and ignore the fact (also set forth in the Response) that Clark now has a pending collateral attack in the sentencing court, construed there as a Section 2255 motion, which "raises the exact same [*Rehaif*] argument he raises here in this 2241 petition." (Doc. 14, p. 5); *Clark v. USA*, No. 19-cv-2960-JAR (E.D. Mo. Apr. 20, 2020, Doc. 3).

Clark's pending collateral attack in the Eastern District of Missouri, filed less than three months after the conclusion of Clark's direct appeal, would be a timely-filed first motion under 28 U.S.C. § 2255 if he accepts the court's suggestion that he agree to its characterization of the case as a Section 2255 action. *Clark*, No. 19-cv-2960-JAR (E.D. Mo. April 20, 2020, Doc. 3). Clark had not previously filed a Section 2255 motion. *United States v. Clark*, No. 16-cr-0107-JAR (E.D. Mo., d/e 249 of Oct. 30, 2019). Clark thus has the opportunity to litigate his *Rehaif* claim in his sentencing court in an initial Section 2255 motion.

While Respondent did not raise the point in this case, the Government has conceded in other cases that pursuant to a directive from the Department of Justice, the new rule announced in *Rehaif* may be raised in an initial proceeding brought under 28 U.S.C. § 2255 and will be retroactively applicable in that context. *See, e.g., Amelia v. Werlich*, Case No. 19-815-RJD (S.D. Ill., January 10, 2020 Motion to Dismiss, Doc. 16, pp. 4-6);[2] 28 U.S.C. § 2255(f)(3).

The above developments demonstrate that Clark may seek relief on his *Rehaif* claim in the Eastern District of Missouri in a Section 2255 proceeding – specifically, in his pending Case No. 19-cv-2960. Because that avenue is open to him, he cannot satisfy the second *Davenport* requirement: a showing that a proceeding under Section 2255 is "inadequate or ineffective" to challenge his detention. 28 U.S.C. § 2255(e). Accordingly, Clark cannot meet the "savings clause" test that is a prerequisite for maintaining a collateral attack under Section 2241. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). This action is therefore subject to dismissal.

## Conclusion

Sacorey Clark's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 13), is **DISMISSED**. This dismissal shall be **without prejudice** to Clark pursuing his *Rehaif* claim in his pending action in the Eastern District of Missouri, Case No. 19-cv-2960-JAR (filed Oct. 30, 2019), in accordance with that court's instructions.

Clark's Motion for Immediate Settlement Conference (Doc. 18) is **DENIED** as moot.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Clark wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for

---

[2] The Government does not concede that a petitioner would be entitled to relief in a Section 2255 motion raising *Rehaif*, only that such a claim may be raised in the district of conviction in a first motion filed within one year of the *Rehaif* decision. *Amelia v. Werlich*, Case No. 19-815-RJD (S.D. Ill., January 10, 2020 Motion to Dismiss, Doc. 16, p. 8).

leave to appeal *in forma pauperis* ("IFP") must set forth the issues Clark plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Clark does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Clark to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:** May 15, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**